**AGENCIAS INTERMARES, INC., Plaintiff,**

v.

**SEA–LAND SERVICE, INC., Defendant.**

Civ. No. 223–71.

United States District Court,
D. Puerto Rico.

May 28, 1974.

———

Juan T. Peñagaricano, Jr., San Juan, P. R., for plaintiff.

Jiménez & Fusté, San Juan, P. R., for defendant.

## ORDER

TOLEDO, Chief Judge.

Transportation of merchandise on C & F (and CIF) terms have been interpreted to mean that once the seller delivers merchandise to the carrier for transportation, title passes to the buyer and he runs the risk of loss in transit. *Thames & Mersey, etc., Ins. Co. v. United States*, 327 U.S. 19, 35 S.Ct. 496, 59 L.Ed. 821 (1915). This notwithstanding stipulations to the contrary made in connection with a contract labelled CIF, *S. Ramirez & Co. Inc. v. J. Gonzalez Clemente & Co.*, 46 P.R.R. at 503, even were we to credit plaintiff's argument to that effect

when it is, on summary judgment motion, unsupported by affidavits. 73 Am.Jur.2d, Section 23, 745. Under the circumstances, plaintiff, seller of the merchandise on the C & F contract herein involved, is not the party that can bring an action against defendant carrier, and defendant's motion for summary judgment on grounds plaintiff is not the real party in interest, is hereby granted.

IT IS SO ORDERED.